Cheatom GORDON et ux., Appellants,

v.

Budge LEVIAS, Appellee.

No. 6525.

Court of Civil Appeals of Texas.

Beaumont.

March 29, 1962.

Rehearing Denied April 25, 1962.

Orgain, Bell & Tucker, Beaumont, for appellee.

McNEILL, Justice.

Appellants Gordon and wife brought suit against one Fred Hardy, East Texas Pulp & Paper Company, and appellee Budge Levias for damages on account of personal injuries sustained by appellants in a collision between two trucks that took place on State Highway 92 about two miles north of Silsbee on January 7, 1959. Both trucks at the time of and immediately before the accident were traveling south on said highway. One was a pickup truck driven by appellant Gordon in which his wife and another person were riding. This truck was followed by the other truck driven by appellee and loaded with pulp wood. The accident happened as the driver of the pickup truck was attempting to turn his truck to the left into an adjoining road, and the driver of the pulpwood truck was endeavoring to pass the pickup. Plea of privilege was sustained in behalf of the defendants Fred Hardy and East Texas Pulp & Paper Company, transferring the cause of action as against them to Jasper County, and the cause proceeded to trial in the Hardin County District Court against appellee Levias, alone.

The jury found in favor of appellee, a colored man, with reference to all alleged acts of primary negligence and convicted appellant Gordon of contributory negligence in the following respects: (1) in failing to keep a proper lookout for vehicles overtaking him from the rear; (2) in failing to give the statutory continuous signal of his intention to turn to his left at the intersection; and (3) in turning to the left at a time when such movement could not be made in safety, each of which was found to have been a proximate cause of the collision. Upon this verdict, judgment was rendered for appellee, and this appeal complains thereof.

After practically all of the evidence was heard, counsel for appellants stated that he

Sample & Walker, Beaumont, for appellants.

desired to read from appellee's deposition. Appellants' second point is that the trial court forced appellants' counsel to read unresponsive matters contained in this deposition which were to the effect that, after the investigating officers had been told by others how the accident happened, appellee had been allowed to leave the scene of the collision without arrest. Their first point urges that the trial court erred in failing to sustain their objection to comment made by appellee's counsel in his argument upon the fact that the officers had allowed appellee to leave the scene of the accident. In order to understand the points, the following excerpts of appellee's deposition are quoted:

"MR. SAMPLE: Then I want to read from his deposition, Page 35:

"Q. And when you saw him start across the highway you started to pull around him, is that right? A. Yes, sir, that's right.

"Q. Well, didn't you think there was going to be a wreck when that happened? A. Yes, I got scared just like I went to whooping and hollering, but if I hadn't hit my brakes I would have run just right dead straight behind, but when I started around it didn't do no good to go around. I just kept trying to go around him but I couldn't miss him.

"MR. TUCKER: Let's read the rest of it. Your Honor, he stopped without reading the entire answer. I think out of fairness he ought to go ahead and read it and not just part of the answer.

"THE COURT: You'll have to read the completed answer.

"MR. SAMPLE: I didn't intend to do anything else, Your Honor. I'm trying to read—It was just unavoidable and I couldn't get around him.

"Q. Well, that answers my question. You say you were scared and you

were going to have an accident, is that right? A. Oh, yes, sir.

"Q. And how far were you from the truck when you realized you were going to have a collision? A. Oh, I wasn't over thirty or forty feet.

"Q. All right. Then how far did the truck travel after the collision? A. Oh, it run, I guess, forty or fifty feet.

"Q. In other words, you're saying you figure about seventy feet is all your truck travelled after you realized you were going to have an accident? A. Yes, sir.

"Q. Is that what you told Mr. Tarver? A. Yes, sir. That's what I told him.

"Q. —and so on—.

"MR. TUCKER: Now, once again, Your Honor, that's not the complete answer.

"THE COURT: You'll have to read the completed answer; you can't break the answer into parts. You can select the question and answer, but you must read all of each.

"MR. SAMPLE: I understand that, Your Honor.

"THE COURT: Read it then.

"A. (From deposition) Yes, sir. That's what I told him, but I didn't have to tell him too much of nothing because them other people that seen it, that fellow that seen it, he testified; he just told just exactly how it was, and then the other people that was there so he just listended to what they said and he told me to go ahead on."

Appellants did not object to the requirement of the court that the full answer in each instance be read, nor was there a later request that the jury be instructed not to consider any part of either answer. In his

address to the jury, appellee's counsel made the following argument:

"You all heard the evidence about how Mr. Grady Tarver and Mr. Moore and even Sheriff Whitaker came out there and made an investigation and then told Budge Levias to go on. Don't you know that if Budge Levias had done anything wrong, or if there was any way in the world he could have avoided this accident, they would not have let him go on about his business?"

Objection was promptly made by appellants' counsel to this argument, because it was an improper inference prejudicial to appellants' case, not justified by the facts, and designed to bring to the attention of the jury matters which were not proper for their consideration by an improper and unwarranted inference. Upon this objection being made, the Court stated that the matters in question were in evidence and were properly to be commented upon by counsel, and overruled the objection.

■■ Since appellants offered the testimony complained of in evidence themselves, without objection or request for limitation thereon at all, we think the matter complained of in their Bill of Exceptions to said argument is without merit. It was not shown that the trial court knew what the full answer in either case was, but when it was called to his attention that appellee's complete answer had not been read, he stated that while appellants were not required to offer any question and answer, having offered the question and part of the answer they would be required to offer the entire answer. When so instructed, appellants did not call the Court's attention to any part of the answer they deemed improper, and in view of the record made, they must be held to have acquiesced therein. The evidence that the officers told appellee "to go ahead on" having been so introduced, it was proper for appellee's counsel to comment thereon in his argument. Snodgrass v. Robertson, Tex.Civ.App., 167

S.W.2d 534; Texas & N. O. R. R. Co. v. Skeen, Tex.Civ.App., 149 S.W.2d 1060.

In any event the matters complained of, we think, could not have materially influenced the jury with reference to its independent findings to the effect that appellant Gordon was himself contributorily negligent in failing to keep a proper lookout, and in turning to the left at a time when such movement could not be made in safety. Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277.

■ Appellants' 3rd point complains that Special Issue No. 13 was a comment on the weight of the evidence. This issue inquired whether appellant Gordon failed to keep a proper lookout "for vehicles overtaking him from the rear." It is urged under this point that the court, in effect, instructed the jury that it was the plaintiff's duty to keep a proper lookout for vehicles overtaking him from the rear and does not take into account his duty to keep a lookout for vehicles coming toward him or from either side. The issue is not subject to the complaint made.

■ The 4th point urges that the 13th Issue assumed that appellee's vehicle was overtaking appellants' vehicle from the rear. Under the undisputed facts it was shown that both cars were traveling in the same direction, and that appellant Gordon himself stated that at the time he started to turn his truck to the left the other truck must have been right on him. The point shows no error.

■ Special Issue No. 15 submitted the question whether appellant Gordon failed to give a continuous signal of his intention to turn to the left for the last 100 feet traveled before turning. The 5th and 6th points, which complain of the 15th issue, become immaterial in view of our holding as to the 7th point. The 7th point complains of Special Issue No. 16, which inquired whether the "failure of Cheatom Gordon to give a continuous signal of his intention to turn for the last 100 feet

traveled before turning was a proximate cause of the collision in question." It is urged that this issue is upon the weight of the evidence in that it has the effect of informing the jury that Gordon had failed to give such a signal. This issue immediately followed Issue No. 15 and was submitted unconditionally. The issue did not contain the qualification usually carried "if any" and after the word "failure". We have concluded that the issue as submitted is objectionable. Cannady v. Martin, Tex.Civ. App., 69 S.W.2d 434; Atkins v. Dodds, Tex.Civ.App., 121 S.W.2d 1010. See Hodges, Special Issue Submission in Texas, p. 22.

There is, however, no connection between the duty of a motorist to give a proper signal before turning and his duty to keep a proper lookout for vehicles that may be affected by the turn, nor with his duty to see that the turn may be made safely as provided in Art. 6701d, Sec. 68(a), Vernon's Ann.Tex.St. The jury in answering the issues involving a proper lookout, and whether the turn may be made safely, were not, in our judgment, influenced by the court's failure to submit the 16th issue conditionally. In these circumstances, the error of the court in the submission of Issue No. 16 unconditionally should not cause reversal. Mason v. Yellow Cab, etc., Co., 153 Tex. 344, 269 S.W.2d 329.

■ Special Issue No. 18 is:

"Do you find from a preponderance of the evidence that on the occasion in question Cheatom Gordon turned to the left at a time when such movement could not be made in safety?" The jury answered "We do".

Appellants' 8th point asserts that said issue constitutes a global submission without being directed to any particular point of dispute in the case. The issue was evidently given on the basis of Sec. 68(a) of Art. 6701d, which provides that no vehicle shall turn "from a direct course or move right or left upon a roadway unless and

until such movement can be made with safety." We held in Manley v. Wilson, Tex.Civ.App., 313 S.W.2d 339, that an issue using substantially the same language should have been given. Gordon testified that he had been driving right close to the center line of the highway all the way, and that when he was hit by the other truck the rear wheels of his truck were on the center white mark. There being, therefore, but one turn involved, the objection is not tenable.

■ Conditioned upon an affirmative answer to Issue 18, Special Issue 19 was required to be answered. This issue reads:

"Do you find from a preponderance of the evidence that an ordinarily prudent person under the same or similar circumstances would not have turned at a time when such movement could not be made in safety?" Answer: "We do."

Objection was made to the giving of this issue for the reason that it was not predicated upon a prior finding by the jury that the plaintiff knew or in the exercise of ordinary care should have known that the pulpwood truck was attempting to pass, and therefore assumed that Gordon knew or should have known that the pulpwood truck was attempting to pass or was so close as to constitute an immediate hazard. Sec. 68(a) provides that no turn shall be made unless and until such movement can be made with safety. The accident happened in day time, the weather was clear and the highway straight. Issue 19 applied the test of an ordinary prudent man to appellant Gordon's conduct in his situation. We think this a sufficient guide under the circumstances shown. However, as used in connection with the common law test, we are not to be understood as approving the concluding language of this issue "when such movement could not be made in safety." That question is not before us.

■ The 10th point asserts that the court erred in submitting Issue No. 18 because the

same contained no definition of the term "when such movement could not be made in safety." In order to complain of failure to define a legal term, the burden is on complainant to submit a proper definition thereof. Rule 279, Texas Rules of Civil Procedure. No definition was tendered by appellants; therefore the point is without merit.

What we have said with reference to Points 8, 9, and 10 sufficiently disposes of appellants' 11th point.

The judgment is affirmed.