**BEL–AIRE HOUSING CORPORATION**
et al., Appellants,

v.

**The STATE of Texas, Appellee.**

No. 14463.

Court of Civil Appeals of Texas.

San Antonio.

June 1, 1966.

Rehearing Denied July 27, 1966.

F. N. Welmaker, Clemens, Knight, Weiss & Spencer, San Antonio, for appellants.

Waggoner Carr, Hawthorne Phillips, T. B. Wright, Carroll R. Graham, Robert D. McGee, James D. Frasier, Austin, for appellee.

BARROW, Justice.

This is a condemnation proceeding wherein the sole question involved is the reasonable cash market value of the 2.23 acres taken by the State for highway purposes. The jury found that the market value of the tract when it was condemned on June 5, 1962, was $26,460.00. Judgment was entered whereby appellee, State of Texas, recovered from appellants, Bel-Aire Housing Corporation and lienholders, Ed Kraft et ux., the sum of $56,040.00, being the difference between the sum of $82,500.00 awarded by the special commissioners in this cause, which sum was withdrawn by appellants, and the value found by the jury.

On June 5, 1962, appellants owned a tract of land containing 21.351 acres, on the far east side of the City of San Antonio, which

fronted on U.S. Highway 90. The State condemned a strip containing 2.23 acres off the north end of appellants' land as a right-of-way for I.H. 10. The portion taken is irregularly shaped, with 607.62' located on the south side of U.S. Highway 90. It is 65' wide on the east, 260' wide on the west, and closed by 700.58', so as to contain approximately 98,000 square feet.

The land was condemned for use as a part of the National System of Interstate and Defense Highways in the State of Texas. I.H. 10 is a controlled access highway, and frontage roads are to be built as a part of said highway whereby the right of ingress and egress to and from the remaining property of appellants is not to be denied. Prior to the trial, appellants stipulated that there were no recoverable damages to the remainder, and made a motion in limine to instruct the witnesses not to testify as to the remainder of appellants' land, and to limit their testimony to the part taken. The trial court granted the motion in part, in that it instructed appellee not to introduce evidence showing enhancement of the remainder, but refused to otherwise limit testimony concerning appellants' remaining land or the tract as a whole.

In accordance with this ruling, the State was permitted to demonstrate in numerous ways, over the objections of appellants, that the strip taken was but a part of the 21.351-acre tract owned by appellants, and that appellants would still own land contiguous to I.H. 10, with right of access by a frontage road. Therefore, the appellants were not permitted to recover for the part taken on the basis of market value of the part taken, considered as severed land.

■ In State v. Meyer, 403 S.W.2d 366 (1966), the Supreme Court recently considered this proposition and held that where the landowner waived damages to the remainder, the issue of access rights is irrelevant to a determination of the issue of the fair market value of the fee title to the tract of land actually condemned. The circumstances of retained access cannot be considered in reaching an opinion as to the value of the land taken. It was there held that the trial court correctly restricted the witnesses to an appraisal of the property condemned without regard to the remainder.

Mr. Lloyd A. Denton, president of appellant corporation, was the first witness at the trial. At the outset of his cross-examination, State's counsel had him identify a sketch demonstrating in very distinctive colors, the present highway frontage, the strip condemned, the remaining land of appellants, and the increased frontage after the taking by the State. Appellants objected to this exhibit as no damages were sought for the remainder, and the court inquired of appellee as to its purpose in offering the exhibit. State's counsel stated, "I was just trying to show the surroundings and the size of the entire tract. I don't intend to prove anything." The objection was then overruled and the exhibit admitted. This exhibit was used repeatedly throughout the trial and it clearly demonstrated that the strip taken is but a part of appellants' land and that appellants will have more frontage on I.H. 10 than they did on U.S. 90.

During voir dire examination of appellants' value witnesses, appellee inquired of each in essence as to whether the alleged comparable sale inquired about was part of a larger tract. Appellee specifically examined appellants' witness Joiner concerning the access to the remainder. Further, Joiner was asked if the street was not just being widened and appellants' frontage still remained. Appellee developed by its witness Gaston that appellants owned over 21 acres before the taking, and he testified as to the highest and best use of the entire tract. Appellee's witness Stebbins also testified relative to appellants' owning 21 acres prior to the taking by appellee.

■ The trial court erred in permitting the jury to receive this evidence of the ap-

pellants' tract considered as a whole, rather than limiting the jury to consideration of the condemned land as a severed tract. State v. Meyer, supra. It is our opinion, after review of the entire record, that the erroneous admission of this evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

Eight witnesses testified at the trial and all were value witnesses. The valuation of appellants' witness Berry was excluded by the trial court. It is seen that there is a wide difference of opinion between the testimony of appellants' four other witnesses and State's three witnesses. Their testimony is summarized as follows, with the testimony of appellants' witnesses set out first:

|  | Per Sq. Ft. | Per Acre | Value |
|---|---|---|---|
| Lloyd A. Denton | $1.50 to 2.00 | $65,000. to 87,000 | $145,000 to 194,000 |
| Alfred Rhode | $1.05 | $45,700 | $100,000 |
| Burt L. Joiner | $1.00 | $43,560 | $98,000 |
| R. N. White, Jr. | $1.20 | $52,272 | $117,600 |
| V. E. "Red" Berry (By Bill of Exception) | $1.50 | $65,000 | $145,000 |
| John C. Gaston | .218 | $9,500 | $21,185 |
| Joe Olivares | .23 | $10,000 | $22,300 |
| H. Grady Stebbins, Jr. | .23 | $10,000 | $22,300 |

The jury verdict of $26,460.00 amounts to $11,865.00 per acre and approximately 27 cents per sq. ft. The jury's valuation is very close to that of appellee's witnesses. It can not be seriously questioned that there is a substantial difference in viewing the strip taken as a severed tract on a busy United States highway with two-way traffic, and considering it as a part of a larger tract on which appellants will have more frontage after the improvements are constructed. Despite the State's disavowal of the intention to prove anything by showing that the strip being taken was only a part of the land owned by appellants, there can be no doubt that the State was successful, whether by accident or by design, in impressing upon the jury the fact that the remainder of appellants' land would be benefitted by the construction of the highway. Further the State advocated the theory that the construction of the new highway would leave the appellants with remaining land which would have more frontage on a highway than before the strip was taken. In our opinion, the prejudicial effect of this erroneous evidence is reflected in the jury's verdict.

This prejudicial error requires a reversal of the judgment and remand of this case. Appellants other points complain of procedural errors which are not likely to recur, at least not in the same posture, and therefore little would be gained by a discussion of same.

The judgment of the trial court is reversed and the cause remanded.