Billy B. HETMANIAK, Appellant,

v.

AVIS RENT–A–CAR SYSTEM, INC. et al.,
Appellees.

No. 360.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 16, 1970.

Rehearing Denied Oct. 14, 1970.

**724**

Joseph F. Archer, Marvin Peterson, Law Offices of W. Douglas Matthews, Houston, for appellant.

Ronald L. Palmer, Baker, Botts, Shepherd & Coates, Joseph D. Cheavens, Houston, for appellees.

BARRON, Justice.

This is a suit for personal injuries and property damages arising from the collision of a 1966 Dodge sedan automobile operated by defendant, Winford Ray LaRue, and a 1957 Chevrolet pickup truck operated by plaintiff, Billy B. Hetmaniak. The collision occurred about 11:50 p. m. on July 11, 1966 at the intersection of Priest Street and Aldine-Westfield Road in the City of Houston.

Both parties were proceeding in a northerly direction on Aldine-Westfield Road in their respective vehicles, with the plaintiff, Hetmaniak, operating the lead vehicle and being followed by the defendant, LaRue. Upon reaching the intersection of Priest and Aldine-Westfield, the plaintiff instituted a left turn when his pickup was struck on the driver's side by the right front and side of defendant's Dodge sedan. Immediately prior to the collision LaRue was in the left lane of Aldine-Westfield Road attempting to pass the plaintiff as the cars approached the above intersection. As a result of the collision, the plaintiff sustained damages to his truck and suffered personal injuries.

Aldine-Westfield Road is a two-lane, blacktop street about 24 feet in width. Priest Street is about 23 feet wide. The first mentioned street is straight and level, the weather was dry and clear at the time, and there were no traffic controls at the intersection. The point of impact was three feet into the intersection. LaRue was approximately even with the back bumper of plaintiff's car when plaintfif made the turn in question. Plaintiff saw LaRue "coming right up on me," and he stated that LaRue was traveling "pretty fast." Plaintiff testified that he saw the bright lights of LaRue's vehicle shortly before he attempted his turn to the left. LaRue saw the Hetmaniak vehicle for some distance before the accident occurred but did not see Hetmaniak give a left-turn signal. Plaintiff, however, testified that he gave such a signal by hand and by the lights on his truck. LaRue admitted his attempt to pass the Hetmaniak vehicle within 100 feet of the intersection.

Neither party complained of injury shortly after the accident, and the evidence shows that the occurrence was classified as a minor auto-truck collision by the police department.

The trial was to a jury which made the following findings: (a) The defendant attempted to pass the plaintiff within 100 feet of an intersection, and this was a proximate cause of the collision. (b) The defendant was operating his automobile at a greater rate of speed than was prudent, and this was a proximate cause of the collision. (c) The defendant did not fail to keep a proper lookout. (d) The defendant failed to give notice or warning of his intention to pass, but this was not a proximate cause of the collision. (e) The plaintiff at the time and on the occasion in question, turned to the left when such turn could not be made with safety, and this was a proximate cause of the collision. (f) The plaintiff failed to keep a proper

lookout, but this was not a proximate cause of the collision. (g) The plaintiff did not fail to give a signal of his intention to turn left. (h) Damages were assessed in the total sum of $4,920.00.

Motion for instructed verdict was granted by the trial court in favor of Avis Rent-A-Car System, Inc. No evidence of any liability of such defendant, Avis, was presented, and no complaint concerning such action is presented by this appeal. A take-nothing judgment was rendered in favor of LaRue on the verdict of the jury.

The plaintiff, Billy B. Hetmaniak, has perfected his appeal to this Court, and Winford Ray LaRue is appellee.

The plaintiff-appellant attacks special issues number nine and ten, the contributory negligence and proximate cause issues which were found against appellant, on various grounds. Complaint is made that the trial court erred in submitting special issues numbers nine and ten to the jury and in subsequently failing to disregard the jury's answers thereto, as no legal duty "to turn with safety" extended from appellant to appellee under the provisions of Section 68(a) of Article 6701d, Vernon's Ann.Civ.St.; that appellant had no duty to anticipate that the appellee would violate the law and attempt to pass within an intersection; and that the appellant had no duty to maintain a lookout to the rear at the time of appellant's turning. The appellant further contends that there is no evidence to support the above issues, that there is insufficient evidence to support same, and that the evidence is against the overwhelming preponderance of the evidence so as to be clearly wrong and manifestly unjust. Complaint is further made that special issue number nine is global.

Article 6701d, Sec. 68(a), V.A.C.S., provides as follows: "No person shall turn a vehicle * * * to enter a private road or driveway *or otherwise turn a vehicle from a direct course* or move right or left upon a roadway unless and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement." (Emphasis added).

Special issue number nine submitted to the jury by the trial court is worded as follows:

"Do you find from a preponderance of the evidence that at the time and on the occasion in question the plaintiff, Billy B. Hetmaniak, turned to the left when such turn could not be made with safety?

"In connection with this issue you are instructed that a turn cannot be made with safety as that phrase is used herein if such a turning would not have been made by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances."

■ The appellant forcefully argues that the statute above is inapplicable to this case, and that Art. 6701d, Sec. 68(a), V.A. C.S., applies only to a vehicle turning to enter a private road or driveway. We overrule such contention and hold that the statute above is applicable to the facts of this case, and that the statute by its plain terms is not limited to a turn into a private road or driveway.

■ The next contention made by appellant is that "turn with safety" as used in the above statute is so closely related to maintaining a proper lookout that the submission of both issues to the jury amounts to a dual submission and improperly affords the appellee two separate opportunities for a favorable answer. We overrule this contention. Special issue number 9, the contributory negligence issue, relates to the *time* of turning, and the inquiry is entirely different from and independent of proper lookout and signalling. See Gordon v. Levias, 356 S.W.2d 462, 466 (Tex.Civ.App.), writ ref., n. r. e.; Merchant's Fast Motor

**726**

Lines, Inc. v. Lane, 259 F.2d 336, 339 (5th Cir. 1958).

 Appellant states and contends that he had no duty to look to the rear when he made the left turn to enter Priest Street. However, we believe it is well established that when a driver in traffic slows his vehicle, stops it, changes his course or turns his vehicle, a duty arises to determine what is behind when he makes the change. This is not a case where the driver stopped his vehicle pursuant to traffic signals or traffic controls. Scott v. McElroy, 361 S.W.2d 432, 434 (Tex.Civ.App.), writ ref., n. r. e.; Berry v. Sunshine Laundries & Dry Cleaning Corp., Tex.Civ.App., 387 S.W.2d 948, 949, writ ref., n. r. e., and cases cited.

 Contention is made that special issue number 9 is global or too general in nature. However, we believe the rule to be that when negligence is predicated on the failure to comply with a statutory rule of conduct, or upon violation of a penal statute, the issue of whether or not the statute has been complied with or violated should be submitted in the language of the statute itself. Swann v. Wheeler, 126 Tex. 167, 86 S.W.2d 735 (Tex.Com.App., op. adopted). We hold that under the circumstances of this case, the issue is not global. Gordon v. Levias, supra; Manley v. Wilson, 313 S.W.2d 339, 343 (Tex.Civ.App.), writ ref., n. r. e.

 The physical facts of the collision present clear and convincing evidence that the appellant failed to comply with the requirement imposed on the motoring public by Art. 6701d, Sec. 68(a), V.A.C.S. It is undisputed that appellant turned his automobile directly in front of appellee and into the highway lane in which the appellee was traveling. In fact, the undisputed evidence indicates that the appellee was traveling in the adjacent highway lane and was approximately even with the back bumper of appellant's car when appellant made the turn in question. Appellant apparently attempted such a maneuver even though he knew the appellee was behind him. We hold that the evidence is sufficient to support the judgment of the trial court and that the evidence is not against the overwhelming preponderance of the evidence so as to be clearly wrong and manifestly unjust.

The judgment of the trial court is affirmed.