**Fred NIEMANN, Petitioners,**

**v.**

**The STATE of Texas, Respondent.**

**No. B–3024.**

Supreme Court of Texas.

April 19, 1972.

Rehearing Denied May 24, 1972.

Price, Fisher, Hill, Patton & McLemore, Jack N. Price, Longview, for petitioner.

Crawford C. Martin, Atty. Gen., David M. Cox, Asst. Atty. Gen., Austin, for respondent.

PER CURIAM.

## ON APPLICATION FOR WRIT OF ERROR

Petitioner Fred Niemann, the owner of a 4.37 acre tract of land, has appealed from condemnation judgments of the trial court and the court of civil appeals. 471 S.W.2d 124. Niemann says that the decision of the court of civil appeals is in conflict with this court's opinion in State v. Meyer, 403 S.W.2d 366 (Tex.1966).

The tract in question originally fronted upon Loop 13, northeast of San Antonio, and was taken for the purpose of widening the highway for the construction of Interstate 35. Niemann also owned land directly behind the part taken, but prior to trial he filed a waiver of damages to the remainder tract. The State also took a fractional acre for a drainage easement. The easement site was located in the tract behind the 4.37 acre tract, out of what would have been the remainder tract, and Niemann also waived all damages for the taking of the easement. Niemann filed a motion in limine which tracked the form of the motion used in State v. Meyer, *supra*. The motion was that the court instruct counsel for the State to make no reference to the fact that Niemann owned land adjacent and contiguous to the land being condemned since he had waived all damages to the remainder. The trial court

refused to rule upon the motion, saying that the motion would be carried along with the case.

While Niemann was on the witness stand, counsel for the State commenced a studied course of questioning which repeatedly called attention to the fact that Niemann owned a remainder tract directly behind the part taken and that the remainder would front upon Interstate 35. The easement, to which all damages had been waived, was, over objection, repeatedly brought to the attention of the jury by questions and exhibits which showed that Niemann owned the property behind the part taken. The trial court repeatedly sustained Niemann's objections to the questions, but counsel repeatedly re-asked the questions. The court cautioned counsel and advised him that he would be found in contempt if he continued the line of questioning. Niemann made several motions for mistrial, but they were overruled.

In our opinion, the State showed the jury that Niemann was the owner of a remainder behind the tract taken as effectively as if it had asked the direct questions and Niemann had been compelled to answer. See Bel-Aire Housing Corporation v. State, 405 S.W.2d 225 (Tex.Civ.App. 1966, writ ref. n. r. e.). The court of civil appeals also entertained this view but held that Niemann waived the error since his own witness testified about the remainder property Our examination of the record shows that the testimony relied upon by the court of civil appeals to establish waiver of the error did not concern the remainder property at all. The testimony related to the nature of the highway in front of the 4.37 acre tract and did not concern the property behind that tract in any way.

The decision of the court of civil appeals is in conflict with this court's opinion in State v. Meyer and we, therefore, reverse the judgment of that court and remand the cause to the trial court. Rule 483, Texas Rules of Civil Procedure.