Juanita HUTCHERSON, Appellant,

v.

Auba V. HINSON, Appellee.

No. 1038.

Court of Civil Appeals of Texas, Tyler.

Oct. 6, 1977.

Roy W. Hill, Fairfield, for appellant.

Jerry L. Calhoon, McDonald, Calhoon & Kolstad, Hoyt Johnston, Johnston & Johnston, Palestine, for appellee.

McKAY, Justice.

This case involves a suit by a husband and wife to set aside certain conveyances, made by the husband to a third party, as being in fraud of the rights of the wife. Appellant, Juanita Hutcherson, and husband, George Hutcherson, originally filed suit alleging that the said husband had made some 15 conveyances to the appellee "upon the specific promise, understanding and agreement that said Defendant would reconvey any one or all of said tracts or parcels of land described in the deeds" to appellant husband upon request, that appellee upon request had refused to convey the tracts and "that a resulting trust has been established under the law of the State of Texas with Defendant Auba V. 'Dot' Hinson as Trustee for the benefit of Plaintiffs . . ." The plaintiffs further alleged fraud and asked for an accounting of monies received from the rental of the lands in question. Later, because of an alleged pending divorce from her husband, appellant filed a separate "Second Amended

Original Petition" together with a "Cross Action" against certain grantees of appellee. This "Cross Action" was later severed out of the case. Appellee answered the petition of appellant and her husband by way of general denial, affirmative defenses, and a counter-claim in trespass to try title. Upon presentation of the evidence the case was submitted to a jury on nine special issues concerning 25 exhibits which were the conveyances in question. Upon the findings of the jury, the court awarded title and possession of all land in question to appellee. Appellant, Juanita Hutcherson, filed an Amended Motion for New Trial, which was very lengthy and argumentative, and such was overruled. Both appellant and her husband have appealed; however, the husband's appeal has heretofore been dismissed by this court.

Appellant brings the following two points of error:

"1. The trial court erred in not finding and awarding title and possession of the property that is made the basis of this litigation to George E. Hutcherson, Sr., et ux Juanita Hutcherson because the evidence shows clearly that, at least as far as the Appellant Juanita Hutchersons [sic] community one-half interest in and to said property is concerned, that her husband George E. Hutcherson, Sr., committed a fraud upon the community and that all transfers were made without consideration. That the court should have set aside these various conveyances at least as to the Appellant Juanita Hutchersons [sic] one-half interest and found that a fraud did exist.

"2. The trial court erred in not awarding title and possession of the property made the basis of this litigation to Juanita Hutcherson, in as much as all evidence, the stipulations of the parties and the answers to the special issues establish, beyond a shadow of doubt, that a fiduciary relationship existed between her husband George E. Hutcherson, Sr., and Appellee between the time of transfer to Appellee, which was without consideration and made upon her agreement to reconvey, thus establishing Juanita

Hutcherson's entitlement to the imposition of a constructive trust upon said property."

Appellant further designated as "Point of Error" a portion of her argument appearing in her brief, although we are unable to ascertain the extent of such "point."

■ Appellee first contends that appellant's Points of Error are multifarious and are not entitled to review. Appellee argues that, "It is impossible to tell from looking at those Points and the Statements and Arguments following what action of the Trial Court the Appellant is complaining of." We agree with this contention.

Rule 418(b) of the Texas Rules of Civil Procedure provides that appellant's brief should contain:

"A statement of the points upon which the appeal is predicated, separately numbered in short form and without argument, and germane to one or more assignments of error when assignments are required. Such points will be sufficient if they direct the attention of the court to the error relied upon . . . ."

■ A point of error which embraces more than one specific ground of error or which attempts to attack several distinct and separate rulings of the trial court will be considered multifarious, in violation of Rule 418, and not entitled to review. *Pine v. Gibraltar Savings Association,* 519 S.W.2d 238, 244 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); *Blackmon & Associates, Inc. v. Palmer Building Supplies & Specialties, Inc.,* 463 S.W.2d 228, 231 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *International Security Life Ins. Co. v. Howard,* 456 S.W.2d 765, 766 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.). Appellate courts have given a liberal interpretation of the rules in favor of the sufficiency of an appellant's brief and frequently consider general and multifarious points of error where, from the statements and arguments under the point, the nature of appellant's complaint can be determined. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *Brungs v. Consoli-*

dated *Plan Service, Inc.,* 529 S.W.2d 79, 81–82 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.); *Airport Coach Service, Inc. v. City of Fort Worth,* 518 S.W.2d 566, 573 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.). Even a liberal interpretation of the rules cannot save appellant in this case.

No such liberality has been extended in determining the sufficiency of an assignment of error in a motion for new trial, upon which the points of error are based and to which they must be germane. *Brungs v. Consolidated Plan Service, Inc.,* supra; *Smith v. Brock,* 514 S.W.2d 140, 143 (Tex.Civ.App.—Texarkana 1974, no writ). Assuming the points of error could be discerned, they could not be shown to be germane to any assignment in the amended motion for new trial, which does not itself sufficiently comply with Rules 321–323, Texas Rules of Civil Procedure. Rule 374, Texas Rules of Civil Procedure, provides in part:

"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error. *A ground of error not distinctly set forth in the motion for new trial,* in cases where a motion for new trial is required *shall be considered as waived.* . . ." [Emphasis added.]

See *Hardy v. C. P. I. Sales, Inc.,* 511 S.W.2d 89, 92 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). We believe under the rules cited that appellant has not properly preserved any alleged error.

The judgment of the trial court is affirmed.