A. T. CLEAVER, Appellant,

v.

DRESSER INDUSTRIES et al., Appellees.

No. 1156.

Court of Civil Appeals of Texas, Tyler.

Aug. 17, 1978.

Rehearing Denied Sept. 9, 1978.

Robert M. Minton, Waldrop, Shaw & Minton, Henderson, for appellant.

Melvin R. Wilcox, III, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellees.

DUNAGAN, Chief Justice.

This case arose out of a collision between a tractor-trailer, owned by Dresser Industries, Inc. and driven by James Matthews, appellees, and a farm tractor owned and driven by A. T. Cleaver, appellant.

The collision occurred at the intersection of U. S. Hwy. 79 and Texas Farm Road 839 about 4:15 p. m. on October 4, 1973. The weather was dry and clear, with traffic conditions described as light. Both parties were proceeding southwest on Hwy. 79 in their respective vehicles, appellant operating the lead vehicle followed by appellee in the tractor-trailer. At the time of the accident the speed limit along Hwy. 79, a two-lane blacktopped road, was 60 m. p. h. for trucks and 70 m. p. h. for cars. It is undisputed that immediately prior to the collision appellant was traveling at a rate of 17–18 m. p. h. and appellee at 62 m. p. h. As appellant attempted to turn left onto Farm Road 839, the collision with appellees' tractor-trailer occurred in the northeast bound lane of Hwy. 79. The impact left appellant's farm tractor in the middle of the road, while appellees' tractor-trailer came to rest in a ditch. Both drivers suffered only minor injuries but the two vehicles were extensively damaged. Appellees, plaintiffs below, instituted this action to recover for property damage and personal injuries, respectively, sustained in the accident. Appellant answered and counterclaimed for his own damages.

James Matthews, appellee, testified that he first spotted appellant while he was three-fourths to one mile away. Appellant was driving along the far right portion of the highway, with his left wheels on the paved shoulder and right wheels in the dirt on the edge of the shoulder. Appellee saw the tractor's blinking light which he felt signified a slow-moving vehicle. As appellee approached within 50 to 75 feet of the tractor, appellant suddenly turned to the left and cut across appellee's path. Mr. Matthews testified that he swerved into the northeast bound lane to avoid appellant, but that the right, front wheel of the tractor-trailer struck the left front wheel of appellant's farm tractor. Appellee stated that he had no time to apply his brakes.

Officer McGee, a highway patrolman for the Department of Public Safety, investigated the accident. Based upon his observations of the scene, including the tire tracks of appellant's farm tractor on the side of the road, he concluded that appellant had made his left turn from the right portion of the road. As a result, he testified that he issued a citation to appellant for an improper left turn.

The testimony of A. T. Cleaver, appellant, conflicts with that of James Matthews and Officer McGee as to the manner in which he attempted to make his left turn. According to appellant, he drove along the center line of the highway for over 500 feet prior to attempting his left turn at the intersection. His left turn signal was on during this entire period. Appellant was pulling a "bush hog" or shreader behind his tractor.

He testified that as he turned left, the tractor-trailer first struck the "bush hog," then the tractor's left, rear tire and finally the tractor's left, front tire.

Frank Postell, service and parts manager for Lowe Tractor and Equipment, was called as a witness by appellant to testify about damages to his tractor. In spite of the fact that appellant contended that the "bush hog" was struck first by a tractor-trailer traveling 62 m. p. h., the only damages to the "bush hog" recalled by Mr. Postell were missing hubcaps. Mr. Cleaver added that the impact knocked some paint off the "bush hog." However, the front wheel of the tractor was torn off. The only eyewitness to the collision, other than the parties themselves, was Raymond Fears. Mr. Fears was stopped at the intersection in question on Farm Road 839 but admitted he did not see the vehicles prior to the collision. He did testify by deposition, however, that the front wheels of appellant's tractor were nearly square across the road, rather than angled, as appellant crossed the highway. He added that the left front wheel may have been "a little bit ahead."

The case was tried to a jury and based on their findings a judgment was entered in favor of appellees for a total of $13,445.43. For purposes of this appeal, the significant findings of the jury in response to the special issues submitted were that (1) appellant failed to keep a proper lookout (Special Issue No. 1), (2) appellant turned to the left when it could not be done safely (Special Issue No. 2), (3) such acts constituted negligence and were a proximate cause of the occurrence in question (Special Issue No. 3), (4) appellant failed to make his approach for a left turn in the extreme left hand portion of his travel lane (Special Issue No. 4), (5) such was a proximate cause of the collision in question (Special Issue No. 5), and (6) the percentage of negligence, which caused the collision, attributable to each of the parties was 25% to James Matthews and 75% to A. T. Cleaver (Special Issue No. 10). Appeal therefrom has been timely perfected to this court by the defendant below, A. T. Cleaver.

Appellant predicates his appeal upon seven points of error. However, points of error Nos. 5, 6 and 7 are accompanied by neither a statement of facts pertinent to such points nor is there any supporting argument and authority. The points of error thus presented are not preserved and are therefore waived; where, as here, no fundamental error appears. *Slayton v. White,* 487 S.W.2d 204, 205 (Tex.Civ.App.—Tyler 1972, ref'd n. r. e.). Any question not briefed as required by Rule 418, T.R.C.P., is waived. *Lott v. Lott,* 370 S.W.2d 463, 465 (Tex.Sup.1963); *Dreeben v. Sidor,* 254 S.W.2d 908, 912 (Tex.Civ.App.—Amarillo 1952, ref'd n. r. e.); *Keahey v. Jones,* 291 S.W.2d 767, 770 (Tex.Civ.App.—Amarillo 1956, n. w. h.); *City of Houston v. Socony Mobil Oil Company,* 421 S.W.2d 427, 430 (Tex.Civ.App.—Houston [1st Dist.] 1967, ref'd n. r. e.). Therefore points of error Nos. 5, 6 and 7 will not be considered.

Appellant's remaining points of error are:

FIRST POINT: The verdict and findings of the jury on Special Issues Nos. 1, 2, 3, 4, 5 and 10 . . . are unsupported by the evidence, there being no evidence of probative force to support such findings, and the Court erred in rendering judgment based upon such findings . . . .

SECOND POINT: There is no evidence to support the findings of the jury to Special Issues Nos. 1, 2 and 4, and the Court erred in rendering judgment based upon such findings.

THIRD POINT: The overwhelming weight and preponderance of the evidence, in this case, is so against the verdict that such verdict is clearly wrong, or so as to make such verdict manifestly unjust and unfair, and shocking to the conscience . . . .

FOURTH POINT: The undisputed facts in this case as to speed, and aspects of the physical environment of the scene of the accident . . ., present themselves in such a manner as to be at such a variance with the findings of the jury to Special Issues Nos. 1, 2, 3, 4 and 5 as to render that part of the testimony upon

which the jury based its findings that such acts occurred the same as no evidence, and negates the findings of the jury to such issues.

"A point of error which embraces more than one specific ground of error or which attempts to attack several distinct and separate rulings of the trial court will be considered multifarious, in violation of Rule 418, and not entitled to review." *Hutcherson v. Hinson,* 557 S.W.2d 814, 815 (Tex.Civ. App.—Tyler 1977, n. w. h.). See also *Brungs v. Consolidated Plan Service, Inc.,* 529 S.W.2d 79, 81 (Tex.Civ.App.—San Antonio 1975, ref'd n. r. e.); *Blackmon & Associates, Inc. v. Palmer Building Supplies & Specialties, Inc.,* 463 S.W.2d 228, 231 (Tex. Civ.App.—Corpus Christi 1971, ref'd n. r. e.); *Lofland v. Jackson,* 237 S.W.2d 785, 786 (Tex.Civ.App.—Amarillo 1950, ref'd n. r. e.). Clearly the points of error relied upon by appellant are overly broad, general, and attempt to raise questions of both legal and factual sufficiency.

■ However, this court will employ a liberal interpretation of the rules in favor of the sufficiency of appellant's brief based on the prior policy of appellate courts and Rule 422, T.R.C.P. Where the substance of the complaint can be determined from the statements and arguments under the point, this court has discretion to consider a faulty point of error. *Airway Insurance Company v. Hank's Flite Center, Inc.,* 534 S.W.2d 878, 879–880 (Tex.Sup.1976); *Brungs v. Consolidated Plan Service, Inc.,* supra; *Russell v. Truitt,* 554 S.W.2d 948, 955 (Tex.Civ.App.— Fort Worth 1977, n. w. h.); *Hutcherson v. Hinson,* supra; *McClure v. City of Texarkana,* 435 S.W.2d 599, 602 (Tex.Civ.App.— Texarkana 1968, dism'd; *Walker v. Bedell,* 320 S.W.2d 913, 915 (Tex.Civ.App.—Texarkana 1958, n. w. h.); *Lofland v. Jackson,* supra; *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943). Where both "no evidence" and "insufficient evidence" points of error are raised in a brief before a Court of Civil Appeals, it is the duty of the court to consider and decide the "no evidence" point first. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 369 (1960).

Appellees contend that appellant failed to preserve any error of the trial court relating to legal sufficiency because such alleged error was not asserted prior to rendition of judgment. Appellant laid no prejudgment predicate by filing a motion for instructed verdict, objection to submission to the jury of a vital fact issue, motion for judgment notwithstanding the jury's verdict, or motion to disregard the jury's answer to a vital fact issue prior to the trial court's rendition of judgment on October 20, 1977.

■ Appellant did file a motion for judgment on October 25, 1977, which requested that a judgment be entered against appellees based upon the jury's responses to the special issues submitted with the exception of Special Issues Nos. 1, 2, 3, 4, 5 and 10. The motion contended that the evidence was insufficient to support the findings of the jury on Special Issues Nos. 1, 2, 3, 4, 5 and 10. Appellant's motion for judgment may be construed as a motion for judgment notwithstanding the verdict since it contains a request to disregard identified findings along with assigned reasons. *Burbridge v. Rich Properties, Inc.,* 365 S.W.2d 657, 661 (Tex.Civ.App.—Houston 1963, n. w. h.).

■ The Texas Rules of Civil Procedure do not provide for a time limit for filing a motion for judgment notwithstanding the verdict. A motion for judgment notwithstanding the verdict may be filed and acted upon even after judgment is entered and a motion for new trial filed, but before the judgment becomes final. *Hann v. Life & Casualty Insurance Company of Tennessee,* 312 S.W.2d 261, 263 (Tex.Civ.App.—San Antonio 1958, n. w. h.); *Walker v. S & T Truck Lines, Inc.,* 409 S.W.2d 942, 943 (Tex. Civ.App.—Corpus Christi 1966, ref'd); McDonald, Texas Civil Practice, Vol. 4, sec. 17.32, pp. 210–211.

The trial court denied appellant's motion for judgment on October 28, 1977. On October 31, 1977, appellant filed a motion for new trial in which assignment of error No. 4 complained of the trial court's denial of

the motion for judgment and failure to "ignore the findings of the jury to Special Issues Nos. 1, 2, 3, 4, 5 and 10, in that such findings were not supported by the evidence . . . ." The trial court denied the motion for new trial.

■■■ Since appellant's contentions were made clear in time for the trial court to correct any error, if any existed, there is a sufficient predicate for the "no evidence" points on appeal. *Rosas v. Shafer,* 415 S.W.2d 889 (Tex.Sup.1967). A "no evidence" point may be asserted for the first time by a motion for new trial. *Rosas v. Shafer,* supra; *Ambox, Inc. v. Stewart & Stevenson Services, Inc.,* 518 S.W.2d 428, 431 (Tex.Civ.App.—Houston [14th Dist.] 1975, ref'd n. r. e.); *State of Texas v. Wilson,* 439 S.W.2d 134, 140 (Tex.Civ.App.—Tyler 1969, n. w. h.); *Gillespey v. Sylvia,* 496 S.W.2d 234, 235 (Tex.Civ.App.—El Paso 1973, n. w. h.). We do not address the question of whether or not appellant has laid a proper predicate to belatedly resurrect the right to rendition.

■■■ In determining a "no evidence" point, which is a question of law, we may consider only that evidence, if any, and the reasonable inferences therefrom, which viewed in its most favorable light, supports the jury finding and we must reject all evidence and inferences which are contrary to the finding. *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696, 698 (1914); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.Sup.1965); *Biggers v. Continental Bus System, Inc.,* 157 Tex. 351, 303 S.W.2d 359, 363 (1957). Legal sufficiency points are directed to the submission of the issue to the jury; the real complaint is that as a matter of law the evidence presents no fact question for the jury's determination. In the instant case, we deem the evidence to be sufficient to support the submission of the special issues to which complaint is directed, and appellant's "no evidence" points are overruled.

Therefore, we must now consider and decide the factual sufficiency or "insufficient evidence" points raised by appellant. Appellees contend that appellant has failed to preserve any error of the trial court, as concerns "insufficient evidence" points, because appellant's assignments of error in the motion for new trial are too general and broad to be considered. Appellees' assessment of appellant's motion for new trial is well taken.

As previously noted in this opinion, appellate courts have been inclined to consider broad and multifarious points of error asserted in an appellant's brief where, from the statements and arguments, the gist of appellant's complaint can be discerned. No such liberality has been extended, though, in determining the sufficiency of an assignment of error in a motion for new trial. *Brungs v. Consolidated Plan Service, Inc.,* supra at 82; *Smith v. Brock,* 514 S.W.2d 140, 142–3 (Tex.Civ.App.—Texarkana 1974, n. w. h.); *Texas Indemnity Insurance Company v. Warner,* 159 S.W.2d 173 (Tex.Civ.App.—Texarkana 1942, ref'd w. o. m.). However, Rule 324, T.R.C.P., clearly states that: "A complaint that one or more of a jury's findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact may be presented for the first time on appeal." Therefore, no procedural predicate is now required for appellant to raise factual sufficiency points on appeal.

■■■ In determining an "insufficient evidence" point, which is a question of fact, we consider and weigh *all* the evidence in the case to determine whether the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust and that the finding should be set aside and a new trial ordered. *In re King's Estate,* 150 Tex. 622, 244 S.W.2d 660, 662 (1951); *Garza v. Alviar,* supra; Garwood, *The Question of Insufficient Evidence on Appeal,* 30 Tex.L.Rev. 803 (1952). Factual sufficiency assignments challenge the jury's answer to the issue and are not addressed to error in submission of the issue.

■■■ The general rule in Texas is that a driver is under no duty to keep a proper lookout to the rear. *Solana v. Hill,* 348 S.W.2d 481, 485 (Tex.Civ.App.—Eastland 1961, ref'd n. r. e.); *Wyatt v. Sears,*

*Roebuck & Company,* 480 S.W.2d 7, 8 (Tex. Civ.App.—Beaumont 1972, dism'd). The well established exception to the general rule is that when one in a stream of traffic slows his vehicle, stops it, changes his course or turns his vehicle, a duty arises to see what is behind when he makes the change. *Berry v. Sunshine Laundries & Dry Cleaning Corporation,* 387 S.W.2d 948, 949 (Tex.Civ.App.—San Antonio 1965, ref'd n. r. e.); *Griffith v. Hudspeth,* 378 S.W.2d 153, 155 (Tex.Civ.App.—San Antonio 1964, n. w. h.); *Wyatt v. Sears, Roebuck & Co.,* supra; *Hetmaniak v. Avis Rent-A-Car System, Inc.,* 459 S.W.2d 723, 726 (Tex.Civ.App.—Houston [14th Dist.] 1970, n. w. h.). This is not a case in which the lead driver slowed down or stopped because his travel was impeded by traffic, nor is it one in which the driver stopped in obedience to traffic signals or controls. A lookout to the rear is not required in such a case. *Scott v. McElroy,* 361 S.W.2d 432, 434 (Tex.Civ.App.—San Antonio 1962, ref'd n. r. e.).

Article 6701d, Section 68(a), Tex. Rev.Stat.Ann., provides as follows: "No person shall turn a vehicle . . . from a direct course or move right or left upon a roadway unless and until such movement can be made with safety." Appellant was under a duty to make his turn when he could do so safely. This relates to the time of turning and is independent of and different from proper lookout. *Hetmaniak v. Avis Rent-A-Car System, Inc.,* supra at 725.

A person operating a motor vehicle on the public roads must do so in a careful, prudent manner and with due regard for the rights of others on the road. This applies to vehicles preceding as well as vehicles following. *Manning v. Block,* 322 S.W.2d 651, 655 (Tex.Civ.App.—Beaumont 1959, ref'd n. r. e.).

It is a settled rule that proper lookout is ordinarily a fact question for the jury. *Texas & Pacific Railway Company v. Day,* 145 Tex. 277, 197 S.W.2d 332, 333 (Tex.Sup.1946); *Owens v. Acme Oil Company,* 408 S.W.2d 947, 952 (Tex.Civ.App.—Tyler 1966, ref'd n. r. e.); *Peck v. Century Concrete Products, Inc.,* 375 S.W.2d 459, 460 (Tex.Civ.App.—Fort Worth 1964, ref'd n. r. e.); *Berry v. Sunshine Laundries & Dry Cleaning Corporation,* supra; *Griffith v. Hudspeth,* supra. Standards of ordinary care such as the direction and extent of observation which a driver should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273, 275 (1958). Likewise, the issue of whether or not given acts constitute negligence is essentially a jury question. *Owens v. Acme Oil Company,* supra; *Plata v. Gohman,* 359 S.W.2d 163, 164 (Tex.Civ.App.—San Antonio 1962, ref'd n. r. e.). Ordinarily, the issue of proximate cause is also a question of fact for the jury. *Owens v. Acme Oil Company,* supra; 40 Tex.Jur.2d, sec. 156, p. 451.

Where the evidence is conflicting, the jury must decide the conflict. It was within the jury's province to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve conflicts and inconsistencies in the evidence. *Austin Fire Insurance Company v. Adams—Childers Company,* 246 S.W. 365, 368 (Tex.Com.App.1923, holding approved); *Joe D. Hughes, Inc. v. Moran,* 325 S.W.2d 829, 831 (Tex.Civ.App.—Fort Worth 1959, ref'd n. r. e.); *Peck v. Century Concrete Products, Inc.,* supra at 462.

We have examined the entire statement of facts and reviewed it in light of the rules announced by the Supreme Court in *In re King's Estate,* supra. We deem the evidence sufficient to support the jury's answers to special issues submitted and that none of the answers made by the jury in response to said issues are so contrary to the weight and preponderance of the evidence as to be manifestly wrong and unjust.

We have considered appellant's points of error and believe them to be without merit and the same are overruled.

The judgment of the trial court is affirmed.