**CITY OF HOUSTON, Appellant,**

v.

**H. S. AUTREY et ux., Appellees.**

No. 3844.

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1961.

Rehearing Denied Dec. 14, 1961.

R. H. Burks, City Atty., Chas. A. Easterling, Clifton E. Speir, Asst. City Attys., Houston, for appellant.

DeLange, Hudspeth & Pitman, Houston, for appellees.

WILSON, Justice.

In a condemnation case the City says it was error to permit the landowner to call as a witness and adduce testimony from a professional appraiser the City had employed to evaluate damages resulting from the taking. Although it engaged and paid him to appraise the value of the property taken and damage to the remainder, condemnor did not call the appraiser as a witness. Appellee did so; and elicited the foregoing facts, the findings of the witness as to what he ascertained land on the street in question had "sold for in that area per square foot", and his opinion as to damage to the owner's land not taken. No inquiry was made as to his opinion of market value of the tract taken.

The City urges that if the court's action in permitting this witness to testify is permitted to stand it will penalize and prevent efficient and diligent preparation for trial; that since it paid for the services of the witness in making the evaluation, appellees' calling him was "a taking of appellant's valuable property rights" which it had paid for without its consent. As we understand it, the City contends the information and opinion of this witness "was testimony that could have been obtained by appellees in a free and open competitive market from one of the many professional appraisers within the county". In short, the position is that the testimony of the witness it voluntarily employed to ascertain the facts was damaging before the jury, and appellant having paid for it, should be suppressed.

We cannot subscribe to the view that the testimony of a paid witness is property, or that payment for his services gives any exclusive proprietary right. To so hold would be judicial smothering of the search for truth. A logical sequent of the City's position, as appellee suggests, would be that a condemnor in some areas might be able to employ every qualified appraiser, use those whose testimony is considered favorable, and effectively prevent the owner from using any other as a witness.

It is said the court's action in requiring production of the appraisal report made by this appraiser at the hearing on a bill of exception was error. The court refused to permit it to be introduced in evidence. It was insisted that the appraiser should not be required to produce his ap-

praisal report under subpoena duces tecum. He did not produce it; it was delivered by condemnor's attorney at the court's direction to complete the bill of exception. Appellant insists this requirement violated Rules 167 and 186a, Texas Rules of Civil Procedure. The latter rule relates to depositions.

No inquiry was made of this witness before the jury concerning market value of appellees' tract. Although he testified there was severance damage, the jury found there was none.

If there was error in requiring production of the appraisal report to perfect appellees' bill of exception we are unable to see that it affected the judgment, and under this record it was harmless.

Complaints are made of the charge. The record does not show objections thereto were presented or acted on as required by Rule 272. The objections relied on do not present reversible error. Appellant presents seventeen points which we have carefully considered. In our opinion none merits reversal, and the judgment is affirmed.