**The STATE of Texas, Petitioner,**

v.

**Bevie F. BIGGERS, Trustee, et al., Respondents.**

**No. A–9129.**

Supreme Court of Texas.

Oct. 3, 1962.

Will Wilson, Atty. Gen., Austin, William R. Hemphill, C. J. Taylor, Jr., and Morgan Nesbitt, Assts. Atty. Gen., for petitioner.

McKool & McKool, Dallas, for respondent.

PER CURIAM.

The opinion of the Court of Civil Appeals is reported in 358 S.W.2d 188. The application for writ of error is Refused, No Reversible Error. Rule 483, Texas Rules of Civil Procedure.

■ We approve the holding of the Court of Civil Appeals that the trial court erred in refusing to permit respondents, who tendered payment of a reasonable fee, to interrogate the witness Cowley with respect to his opinion, if any, of the value of the land taken in the eminent domain proceeding and the diminished value, if any, of the remainder of respondents' land. Summers v. State, 5 Tex.App. 365, 32 Am. Rep. 573; City of Houston v. Autrey, Tex. Civ.App., 351 S.W.2d 948, writ refused, n. r. e. We also approve the holding that refusal to permit respondents to have the testimony of the witness included in a bill of exceptions for the purpose of showing the harmful and prejudicial effect of the first ruling was such a denial of the substantial rights of the respondents as to authorize reversal of the trial court's judgment. Texas Employers' Ins. Ass'n v. Mc-Caslin, 159 Tex. 273, 317 S.W.2d 916, 921; Texas & P. Ry. Co. v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528, 530–531.

■ By refusing the application for writ of error we are not to be understood as holding that the trial court erred in refusing to permit respondents to prove by the witness, or independently, that the witness was employed by the State Highway Department to make an appraisal of the property, that his appraisal was made for the State Highway Department, or that he was paid by the State Highway Department for making the appraisal. That proof could have no relevancy to the issues in the case. As we view the matter, its tender could only be for the purpose of supporting the credibility of the witness or of creating the impression with the jury that the State was suppressing evidence. It would not be admissible for either purpose. By calling Cowley to testify respondents make him

their witness, and once his competency as an expert is established, they have no right to shore up his credibility until he is impeached or his credibility is attacked. Western Union Telegraph Co. v. Tweed, Tex.Civ.App., 138 S.W. 1155, 1157, affirmed, 107 Tex. 247, 166 S.W. 696; International & G. N. R. Co. v. Lane, Tex. Civ.App., 127 S.W. 1066, 1067, no writ history; 45 Tex.Jur. 40–43, Witnesses, §§ 202, 203. And a decision not to call as a witness one employed to investigate and evaluate facts and report an expert opinion is not a suppression of evidence.