

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 12, 1977

Honorable Ben Z. Grant
Chairman, Judiciary Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas  78769

Opinion No. H-1070

Re:  Validity of financial
disclosure ordinance apply-
ing to officials and candi-
dates in a home rule city.

Dear Chairman Grant:

You have submitted to us a proposed financial disclosure
ordinance and asked whether it would, if enacted by a home
rule city, conform to various provisions of state and federal
law.  The proposed ordinance would require the mayor, city
council members, the city manager and other specified high
ranking city officials and candidates for city office to file
an annual statement reflecting the official's financial status
and financial activity during the reporting period.  The fi-
nancial statement would include a list of all sources of in-
come over $1,000 received by the official or family members,
identification of all business entities in which the official
is significantly interested and certain customers of that
entity, a listing of real property owned within the city, a
list of all debts owed or notes held of over $10,000, a list
of certain gifts received, identification of any financial
interest in or transaction with a city franchise holder, and
a portion of the official's income tax return.

We have recently considered the authority of a home rule
city to require its officials to file a financial disclosure
statement as a condition of holding office.  Attorney General
Opinion H-969 (1977) concluded that a home rule city is autho-
rized to require such disclosure, so long as the disclosure
ordinance is not inconsistent with the city's charter or state
law.

You ask if the proposed ordinance would conflict with
state law because its disclosure provisions are more exten-
sive than those of article 6252-9b, V.T.C.S.  Article 6252-9b
applies only to state officers and employees, and we do not
believe it either explicitly or implicitly restricts the

p. 4583

power of a home rule city to enact financial disclosure requirements applicable to city officials.  We perceive no conflict between article 6252-9b and the proposed ordinance.

You ask if the proposed ordinance would unconstitutionally burden the right of free speech and expression or the right to seek office.  You also question whether the ordinance might invade constitutionally protected zones of privacy, constitute an unreasonable search and seizure, or violate the prohibition against compelled self-incrimination.  Similar constitutional challenges have been considered by the courts of various states. The case traditionally cited by those who would find financial disclosure laws unconstitutional is City of Carmel-by-the-Sea v. Young, 466 P.2d 225 (Cal. 1970).  In Attorney General Opinion H-15 (1973), we stated:

> In light of . . . [Stein v. Howlett, 289 N.E.2d 409 (Ill. 1972), appeal dismissed for want of substantial federal question, 412 U.S. 925 (1973)], we now believe the Carmel-by-the Sea opinion overbalanced the scales in favor of private rights, and that a different shift in the balance will be found by the Texas Supreme Court and the United States Supreme Court when such questions reach them.

Id. at 2.  Our belief in this regard has been reinforced by a virtual barrage of recent court decisions upholding financial disclosure requirements in the face of constitutional challenges similar to those you suggest.  Illinois State Employees Ass'n v. Walker, 315 N.E.2d 9 (Ill.), cert. denied, 419 U.S. 1058 (1974); Montgomery County v. Walsh, 336 A.2d 97 (Md. 1975), appeal dismissed for want of substantial federal question, 424 U.S. 901 (1976); Chamberlin v. Missouri Elections Comm'n, 540 S.W.2d 876 (Mo. 1976); Kenny v. Byrne, 365 A.2d 211 (Super. Ct. App. Div. 1976), cert. granted, 372 A.2d 321 (N.J. 1977); Lehrhaupt v. Flynn, 356 A.2d 35 (Super. Ct. App. Div. 1976); Evans v. Carey, 385 N.Y.S.2d 965 (App. Div.), aff'd,359 N.E.2d 983 (N.Y. 1976); Fritz v. Gorton, 517 P.2d 911 (Wash.), appeal dismissed for want of substantial federal question, 417 U.S. 902 (1974); In re Kading, 235 N.W.2d 409 (Wisc. 1976).  Even the Supreme Court of California has distinguished its previous Carmel-by-the-Sea decision in upholding a new financial disclosure law.  County of Nevada v. MacMillen, 522 P.2d 1345 (Cal. 1974).  We have examined the proposed ordinance in light of these decisions, and we do not believe the courts would find it to violate any of the constitutional provisions about which you inquire.

You ask if requiring a city officer or candidate for city
office to file certain portions of his income tax return with
the city secretary would violate either 26 U.S.C. § 7213(a)(2)
or (a)(3), or section 7 of the Privacy Act of 1974, 88 Stat.
1896, 1909, 5 U.S.C.A. § 552a note. Section 7213(a)(2) and
(a)(3) of title 26 of the United States Code (the Internal
Revenue Code) makes it unlawful for any state officer to disclose
"any return or return information . . . acquired by him or
another person under section 6103(d) or (1)(6)." Section
6103(d) concerns information disclosed by the Internal Revenue
Service to state officers charged with the administration of
state tax laws. Section 6103(1)(6) relates to information
disclosed by the I.R.S. to child support enforcement agencies.
These provisions do not appear to relate to any state or local
requirement that might be enacted requiring public officers or
candidates to reveal their individual tax returns. Whether
the proposed ordinance should be enacted is, of course, a
question of policy to be determined by the policy makers. We
do not believe the proposed ordinance, if enacted, would violate
these provisions of the Internal Revenue Code or subject the
city secretary to penalties thereunder for disclosure of any
information subsequently released by him. We have also examined
26 U.S.C. § 6103(p)(4) and (p)(8). Those provisions concern the
security of information obtained by state authorities charged
with administering state tax collections, and do not appear to
relate to the type of disclosure involved here.

Section 7 of the Privacy Act of 1974, about which you
specifically inquire, addresses the disclosure of social security
numbers. We note that the proposed ordinance requires only the
filing of designated portions of the city official's or candi-
date's income tax return. Under the proposal, the official or
candidate would need file only those portions of his return
showing occupation, gross income, net income, and income from
investments. The taxpayer's social security number need not
be disclosed under the proposed ordinance. See generally Privacy
Protection Study Commission, Personal Privacy in an Information
Society at 613 (1977).

Section 43-3 (a)(8) of the proposed ordinance would re-
quire a public official or candidate to include the following
information in his financial disclosure statement:

> [P]rovided such information is not privi-
> leged by law, if the person filing the
> statement is the owner of five (5) per
> cent or more of any corporation, trust,
> partnership, firm or business association,
> such person shall list all customers of

> such entities with whom five thousand
> dollars ($5,000.00) or more business
> was transacted during the reporting
> period, stating the dollar value of
> business transacted. . . .

You ask whether an attorney or a physician could legally or
ethically disclose the names of clients or patients and com-
pensation received from them as required by this provision.
The identity of a client and matters involving the receipt of
fees from a client are not normally within the scope of the
attorney-client privilege.  In re Berry, 521 F.2d 179 (10th
Cir.), cert. denied, 423 U.S. 928 (1975); United States v.
Ponder, 475 F.2d 37 (5th Cir. 1973).  While certain medical
records may be made confidential either by statute, see V.T.C.S.
arts. 695j-1, § 10 (names of persons receiving public assis-
tance); 4445c, § 4 (notice of laboratory information indicating
venereal disease); 5547-87 (patients of mental hospitals);
5547-202, § 2.23 (identity of persons studied in connection
with mental disorders), or by a constitutional or common law
right of privacy, see Industrial Foundation of the South v.
Texas Industrial Accident Board, 540 S.W.2d 668 (Tex. 1976),
cert. denied, ____ U.S. ____ (March 21, 1977) (No. 76-840),
we do not believe a physician would in every case be legally
or ethically barred from revealing the name and dollar amount
of his sources of professional income over $5,000.  See Biggers
v. State, 358 S.W.2d 188, 191 (Tex. Civ. App. -- Dallas), writ
ref'd n.r.e., 360 S.W.2d 516 (Tex. 1962) (the doctrine of privi-
leged communication does not extend to physician and patient).
See generally Annot., 20 A.L.R. 3d 1109 (1968).  But cf. Texas
Employers' Ins. Ass'n v. Marshall, 436 S.W.2d 617 (Tex. Civ.
App. -- Eastland 1969, writ ref'd n.r.e.)(information obtained
by physician doing examination on behalf of Social Security
Administration protected from disclosure by federal law).

The Missouri Supreme Court has expressly upheld such a
reporting requirement for attorneys, finding that "the attorney-
client privilege generally will remain inviolate."  Chamberlin
v. Missouri Elections Comm'n, 540 S.W.2d 876, 880 (Mo. 1976).
In those cases where disclosure might present a legal or ethi-
cal problem, however, the proposed ordinance has left room for
evaluation of any claim of privilege by requiring disclosure
only "provided such information is not privileged by law."  Any
assertion of privilege must be evaluated on a case-by-case
basis, and will require a "particularized concern with the facts
of each case."  In re Grand Jury Proceedings, 517 F.2d 667, 671
n.2 (5th Cir. 1975).

Finally, we must consider your inquiry whether a city could exempt from public inspection the income tax returns or customer lists filed in the disclosure statements, or could exempt from public inspection the entire financial statement of city employees such as assistant city managers and department heads.  The disclosure of information collected, assembled or maintained by governmental bodies is generally controlled by the Texas Open Records Act, V.T.C.S. art 6252-17a.  Section 3 of that Act requires that all such information shall be available to the public unless specifically excepted therein. As previously discussed, we do not believe the portions of income tax returns filed with the city secretary would be "deemed confidential by law," and thus generally excepted from public disclosures by section 3(a)(1) of the Open Records Act.  The release of portions of the returns would not generally constitute an "unwarranted invasion of privacy," as provided by the exception to disclosure in section 3(a)(2) of the Open Records Act.  See Heathman v. United States District Court, 503 F.2d 1032 (9th Cir. 1974).  While the list of customers required of an attorney or physician might be confidential by law in some cases, those lists would not always be excepted from disclosure by section 3(a)(1) or 3(a)(2).  The release of a list of an official's or candidate's customers might in some cases be excepted from disclosure under sections 3(a)(4) or 3(a)(10) of the Open Records Act, but such a situation must be addressed on a case-by-case basis.  See Open Records Decision No. 89 (1975).  We believe that any attempt to exempt entirely the portions of income tax returns or customer lists included in the proposed financial disclosure statement would violate the Texas Open Records Act.

Information contained in the financial disclosure statements of city employees such as assistant city managers and department heads would also be subject to the Open Records Act.  Such information might, of course, be excepted from disclosure in individual cases under one or more of the provisions of section 3 of that Act.  We believe, however, that any attempt to make the information contained in the proposed financial disclosure statements per se exempt from public disclosure would run afoul of the Open Records Act and be of no effect.  See Industrial Foundation of the South v. Texas Industrial Accident Board, supra at 677.

### S U M M A R Y

A proposed financial disclosure ordinance would not, if enacted by a home rule city, conflict with state law or violate the constitutional rights of city officials

and candidates required to file financial statements. Requiring the attachment of portions of an official's or candidate's income tax return to the financial statement would not violate federal law. An attorney or physician may in some instances reveal large fees received from clients or patients without violating ethical or legal obligations. Public access to financial disclosure statements filed with the city secretary would be controlled by the Texas Open Records Act. Whether such an ordinance as has been suggested should be enacted is a question of policy which cannot be addressed in the context of an attorney general opinion.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst