STATE of Tennessee on relation of Robert F. SMITH, Commissioner, Department of Transportation, for and on behalf of said Department, Appellants,

v.

WILKINSON – SNOWDEN – McGEHEE, INC., Riley C. Garner, County Trustee, Glenn Foster, City Treasurer, Appellees.

Court of Appeals of Tennessee, Western Section.

March 3, 1978.

Certiorari Denied by Supreme Court Oct. 2, 1978.

Brooks McLemore, Jr., Atty. Gen., Charles H. Barnett, Asst. Atty. Gen., Nashville, and E. Brady Bartusch, Sp. Trial Counsel, of Memphis, for appellants.

Edward G. Grogan and Ben C. Adams, Memphis, for appellee Wilkinson-Snowden-McGehee, Inc.

NEARN, Judge.

This appeal of a condemnation matter presents the single issue of whether a party may prove that his expert witness was initially employed as such by adversary in the same matter.

The issue arose in this manner. The State condemned 1.357 acres of the owner's 23.707 acre tract for the improving of a portion of State Route 4. The State's value witnesses testified as to land and damages to the remainder, viz.:

| Name | Land | Damages |
|---|---|---|
| Owen | $49,531.00 | $ –0– |
| Phelps | 41,378.00 | 17,424.00 |

The owner's value witnesses testified, viz.:

| Name | Land | Damages |
|---|---|---|
| Chandler | $69,986.13 | $413,120.00 |
| Shepherd | 79,799.85 | 362,569.97 |
| Palmer | 53,200.00 | 155,496.00 |

The jury found $53,200 as the value of the land taken and $155,496 as the damages to the remainder.

In his direct testimony, Palmer, over the objection of the condemnor, brought out that he had originally made this same appraisal for the condemning authority. The authority had chosen not to use Palmer as an expert witness.

There seems to be two out-of-state lines of authority on whether the owner may prove, either by the witness or independently, that the witness was first employed by the condemning authority to make the appraisal on the land condemned, or that he was paid by the condemning authority for making such appraisal. (Of course, the issue is the same, whichever party uses an expert value witness initially employed by the other.)

For the negative of the proposition we find the case of State v. Biggers (Tex.1962) 360 S.W.2d 516; and for the positive, we find City of Baltimore v. Zell (1977) 279 Md. 23, 367 A.2d 14.

We believe that the rule in this state should be that such proof is inadmissible and so hold. It is our view that the Texas Court based its holding to exclude such proof on sound legal principle when it stated:

"That proof could have no relevancy to the issues in the case. As we view the matter, its tender could only be for the purpose of supporting the credibility of the witness or of creating the impression with the jury that the State was suppressing evidence. It would not be admissible for either purpose. By calling Cowley to testify respondents make him their witness, and once his competency as an expert is established, they have no right to shore up his credibility until he is impeached or his credibility is attacked. [Citations omitted.] And a decision not to call as a witness one employed to investigate and evaluate facts and report an expert opinion is not a suppression of evidence."

In addition to the legal reasoning, such holding is, in our opinion, supported by the soundest of practical reasons. We can perceive no real harm in the exclusion of such evidence, but foresee a great deal of mischief and harm in allowing such evidence to be introduced. Such practice could easily give rise to a class of "expert" value witnesses who intentionally give their initial employer false appraisals in hopes of being rejected by that employer and hired by the other side at a higher figure. To see the feasibility of such procedure and the desirability of such a witness, all that needs to be done is to look at the actual results of admitting such evidence in this case, and in Baltimore v. Zell, supra. (In Biggers, supra, the proof was not allowed to be introduced.) In each case the jury returned a verdict to the penny of the figure testified to by the expert who had initially been hired by the other side to the controversy. The jury in each case evidently ignored the testimony of all others feeling that the condemning authority was attempting to "pull a fast one". The admission of such evidence could easily result in such mischief so as to promote a situation whereby, in reality, the least "expert" witness would become the most expert in the eyes of the jury.

We do not in any way intend to cast aspersions upon the character or expertise of the witness Palmer in this case. The record reflects that Mr. Palmer is a well-recognized expert in his field in his community and the record further reflects that he often does appraisal work for owners and condemning authorities. It just so happens that this is one case in which his appraisal for the condemning authority was not used by the authority and for the first time, insofar as we know, his initial employment in the matter was sought to be shown by counsel to a jury.

For the reasons stated we hold the Trial Judge erred in permitting such evidence to go to the jury. It is obvious that the error affected the verdict and we must therefore reverse and remand for a new trial.

Done at Jackson in the two hundred and second year of our Independence and in the one hundred and eighty-third year of our Statehood.

Costs of appeal are adjudged against the appellee.

MATHERNE and SUMMERS, JJ., concur.