## 2487

S.C. DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTA-
TION, Appellant v. E.S.I. INVESTMENTS, a South Carolina General
Partnership, and The South Carolina National Bank, Mortgagee; Protec-
tive Life Insurance Company, Mortgagee; The Associates Financial Ser-
vices, Lessee; One Price Clothing $7 Store # 53, Lessee; Variety Whole-
salers, Lessee; Pic 'n' Pay Shoes of Charleston, Lessee; Custom Furnish-
ings, Lessee; Book Exchange, Lessee; Carolina Casuals, Lessee; A Total
Look, Lessee; Ace TV Rentals, Lessee; P.J. Suds-N-Wash, Lessee; Revco
Discount Drug Centers of South Carolina, Incorporated # 1204, Lessee;
and K-Mart # 9509, Lessee; Liquor Store, Lessee; Big Star # 2730,
Lessee, and Other Condemnees, of Whom E.S.I. Investments is the Re-
spondent. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND
PUBLIC TRANSPORTATION, Appellant v. E.S.I. INVESTMENTS, a
South Carolina General Partnership, Landowner, and First Palmetto
State Bank and Trust Company, Incorporated, Mortgagee and Other
Condemnees, of Whom E.S.I. Investments is the Respondent, SOUTH
CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC
TRANSPORTATION, Appellant v. E.S.I. INVESTMENTS, A South
Carolina General Partnership, Landowner, and The South Carolina Na-
tional Bank, Mortgagee, Protective Life Insurance Company, Mort-
gagees, of Whom E.S.I. Investments is the Respondent.

(470 S.E. (2d) 387)

Court of Appeals

*Richard D. Bybee,* of *Smith, Bundy, Bybee & Barnett,* Charleston; and *Natalie J. Moore,* of *S.C. Dept. of Transportation,* Columbia, *for appellant.*

*Evans Taylor Barnette* and *Thomas E. McCutchen,* both of *McCutchen, Blanton, Rhodes & Johnson,* Columbia, *for respondent.*

Submitted Feb. 6, 1996.

Decided Mar. 18, 1996; Reh. Den. May 23, 1996.

HEARN, Judge:

These are consolidated condemnation cases in which the condemnor, the South Carolina Department of Highways and Public Transportation, appeals an order granting a new trial to the landowner, E.S.I. Investments. We reverse.[1]

The Department of Highways and Public Transportation sought to acquire a portion of three tracts of land owned by E.S.I. Investments. One of the tracts was improved with a shopping center known as Heritage Square Shopping Center. During the course of the trial, the Highway Department presented the testimony of two of three appraisers it hired to value the property. These appraisers gave estimates of just compensation based on the value of land taken, but concluded there would be no damage to the remainder. Their appraisals estimated just compensation ranging from $49,872 to $110,714. The third appraiser retained by the department concluded the highest and best use of the property in its prior situation was warehouse distribution rather than shopping center use and the access changes made by the department during construction would accelerate that use. He concluded just compensation was $210,000 which included the value of the land taken and damages to the remainder. The landowner wanted to introduce the testimony of this appraiser, Christopher Donato, and to identify him as having been employed by the Highway Department. The department objected asserting

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

it would be unduly prejudicial to have Donato identified in this manner.

The trial court ruled Donato could be presented as a witness, but the landowner could not ask him about his employment by the department on these cases. Given this restriction, the landowner decided not to call Donato. The witnesses for the landowner estimated just compensation between $1,876,600 and $2,200,000. The jury returned a verdict for $150,000.

E.S.I. Investments filed a motion for a new trial arguing it was denied a fair trial because it should have been permitted to call Donato and to identify him as having been employed by the Highway Department. The court granted the motion, concluding it erred in its trial ruling and adopting the position espoused in *Bd. of Educ. of S. Sanpete Sch. Dist. v. Barton*, 617 P. (2d) 347 (Utah 1980).

The Highway Department argues the court erred in granting the new trial motion, asserting the evidence of Donato's employment is irrelevant and unduly prejudicial. We concur.

In basing its decision to grant a new trial on the reasoning expressed in *Bd. of Educ. of S. Sanpete Sch. Dist. v. Barton*, the trial court embraced the minority rule on this issue. The majority of the courts that have addressed this issue have held such evidence to be improper. *See, e.g., Dicker v. United States*, 352 F. (2d) 455 (D.C. Cir. 1965), *cert. denied*, 383 U.S. 936, 86 S.Ct. 1067, 15 L.Ed. (2d) 853 (1966); *Arkansas State Highway Comm'n v. First Pyramid Life Ins. Co.*, 265 Ark. 417, 579 S.W. (2d) 587 (1979); *State Highway Comm'n v. Kalivas*, 484 S.W. (2d) 292 (Mo. 1972); *State v. Biggers*, 360 S.W. (2d) 516 (Tex. 1962); *Jacksonville Transp. Auth. v. ASC Assocs.*, 559 So. (2d) 330 (Fla. Dist. Ct. App. 1990); *Dep't of Transp. v. Swanson*, 191 Ga. App. 752, 382 S.E. (2d) 711 (1989); *State ex rel Smith v. Wilkinson-Snowden-McGehee, Inc.*, 571 S.W. (2d) 842 (Tenn. Ct. App. 1978). We are persuaded by this majority view and hold the trial court properly excluded testimony concerning the Highway Department's hiring of the appraiser. Therefore the trial court's exclusion of the testimony did not provide a proper basis for the grant of E.S.I.'s motion for a new trial.

To warrant the grant of a motion for a new trial based upon a limitation placed on the scope of examination of an expert witness, the trial court must find a manifest

abuse of discretion amounting to an error of law and preju-dice. *Johnston v. Ward*, 288 S.C. 603, 344 S.E. (2d) 166 (Ct. App. 1986). Here, testimony that the Highway Department hired the appraiser but chose not to call him as a witness was properly excluded. This testimony was not admissible to es-tablish the appraiser's credibility because once his compe-tency as an expert was established, E.S.I. had no right to bol-ster that credibility until he was impeached or his credibility attacked. *State v. Lynn*, 277 S.C. 222, 284 S.E. (2d) 786 (1981) (at common law, a witness character or credibility could not be bolstered until it had been attacked).[2]

In our view, tender of this evidence could only serve to sup-port the witness's credibility, which is not permitted under our rules, or to create the impression with the jury that the Highway Department was suppressing evidence. Because the trial court's initial decision to exclude the testimony was cor-rect, its later decision to grant E.S.I. a new trial based on the incorrectness of the evidentiary ruling was erroneous. There-fore, the order granting a new trial is reversed and the jury verdict is reinstated.

Reversed.

GOOLSBY and CONNOR, JJ., concur.

---

[2] The newly adopted South Carolina Rules of Evidence retain this common-law rule. Rule 608(a)(2) and Rule 801(d)(1).