505 S.E.2d 593

### SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent,

v.

E.S.I. INVESTMENTS, a South Carolina General Partnership, and the South Carolina National Bank, Mortgagee; Protective Life Insurance Company, Mortgagee; The Associates Financial Services, Lessee; One Price Clothing $7 Store # 53, Lessee; Variety Wholesalers, Lessee; Pic'n'Pay Shoes of Charleston, Lessee; Custom Furnishings, Lessee; Book Exchange, Lessee; Carolina Casuals, Lessee; Revco Discount Drug Centers of South Carolina, Incorporated, # 1204, Lessee; and K–Mart # 9509, Lessee; Liquor Store, Lessee; Big Star # 2730, Lessee; and Other Condemnees,

of which E.S.I. Investments is the Petitioner.

### SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent,

v.

E.S.I. INVESTMENTS, a South Carolina General Partnership, Landowner, and the South Carolina National Bank, Mortgagee; and Protective Life Insurance Company, Mortgagees,

of which E.S.I. Investments is the Petitioner.

No. 24836.

Supreme Court of South Carolina.

Heard Dec. 2, 1997.

Decided Sept. 14, 1998.

Thomas E. McCutchen and Evans Taylor Barnette, both of McCutchen, Blanton, Rhodes and Johnson, Columbia, for petitioner.

Richard D. Bybee, of Smith, Bundy, Bybee and Barnett, Charleston; and Natalie Jean Moore, Columbia, for respondent.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

FINNEY, Chief Justice:

We granted a writ of certiorari to review the Court of Appeals' decision in *South Carolina Department of Highways & Public Transportation v. E.S.I. Investments,* 322 S.C. 147, 470 S.E.2d 387 (Ct.App.1996). We reverse.

### FACTS

This condemnation action was commenced by the filing of three Notices of Condemnation. The actions were consolidated for trial and tried before a jury. E.S.I. Investments (petitioner) was seeking compensation in excess of $1.8 million

dollars for damages to its shopping center resulting from the condemnation. The jury returned a verdict in favor of petitioner in the amount of $150,000. Petitioner filed a motion for a new trial on the grounds that it was error for the trial court to deny the landowner the right to call and identify one of respondent's trial witnesses, an appraiser, whose testimony supported and corroborated petitioner's position.

The trial judge granted the motion for a new trial finding it was error to deny petitioner the right to call and identify the appraiser as having been initially employed by respondent for the purpose of determining the fair market value of the property condemned and the resulting damage thereto. Respondent appealed and the Court of Appeals reversed concluding the testimony was inadmissible to establish the appraiser's credibility because petitioner had no right to bolster the witness's credibility until he was impeached or his credibility was attacked.

## *ISSUE*

Can an appraiser, called as a witness by petitioner at trial but originally employed by respondent, be examined as to his employment by respondent?

## *DISCUSSION*

The condemnation involves a portion of three separate tracts of land owned by petitioner. One of the tracts was improved with the Heritage Square Shopping Center, occupied by various tenants named as parties in this action. This tract of land was bounded by Highway 78 and Loblolly Street before condemnation. The other tracts were parcels of land abutting U.S. 78 and adjacent to the shopping center. The total amount of land acquired was .553 acres from the three tracts comprising 13.98 acres before condemnation.

Petitioner's claims for damages to the remainder were primarily premised on the construction of a raised concrete median which restricted turning movements to make a right turn in and right turn out at one of the entrances to the

shopping center and the closing of another entrance on Loblolly Street. Loblolly Street was converted from a two lane street to a four lane controlled access facility. Petitioner asserts that these changes in ingress and egress constituted material changes which lead to the diminution of the fair market value of the shopping center. The jury was charged with determining the following factual issues: 1) the value of the land taken, 2) whether there was damage to the remainder caused by these highway improvements and if so, 3) the extent of any damage.

Only two of the three independent appraisers employed by respondent testified at trial. Both of these appraisers gave estimates of just compensation ranging from $49,872 to $110,-714 based on the value of the land taken, but concluded that the changes in access would result in no damages to the remainder.

Respondent did not call the third appraiser, Chris Donato, who was retained by respondent and listed as a trial witness. Donato concluded prior to trial that the highest and best use of the property before condemnation was as warehouse distribution rather than as a shopping center and that the access changes would accelerate the change of use. Donato estimated just compensation was $210,000, which included the value of the land taken and damages to the remainder.

Petitioner called an expert appraiser and one of its partners concerning estimates of the values of land and damages to the remainder. These estimates of just compensation ranged from $1,876,000 to $2,200,000. During petitioner's case-in-chief, petitioner's counsel advised the court of their intentions to call Donato if he were not called to the stand by respondent. The trial court ruled that petitioner could call Donato but it would be improper to allow petitioner to elicit testimony about his original employment, as the prejudice to respondent outweighed any probative value of the testimony. Petitioner did not call Donato as a witness.

After the jury verdict, petitioner made a motion for a new trial on the ground that it was denied a fair trial because it should have been permitted to call Donato and to identify him

as having been employed by respondent. The trial judge granted the motion.

Respondent argued to the Court of Appeals that the trial judge erred in granting petitioner a new trial asserting that the testimony was properly restricted as it was highly prejudicial and irrelevant. The Court of Appeals was persuaded by the majority view that such evidence is improper.[1] The Court of Appeals concluded that admission of this evidence could only serve to support the witness's credibility, which is not permitted under our rules, or to create the impression with the jury that respondent was suppressing evidence. The Court of Appeals reversed the granting of a new trial and held that the trial judge properly excluded testimony concerning respondent's hiring of the appraiser.

■ Petitioner contends the Court of Appeals erred in adopting the majority view, which excludes, as a matter of law, under any and all circumstances, evidence that an expert appraiser called as a witness by one party in a condemnation action was initially employed by the opposing party. Petitioner urges this Court to adopt the minority rule which allows the trial judge to exercise discretion in determining whether to admit or exclude evidence that a witness was initially employed by the opposing party. *City of Baltimore v. Zell,* 279 Md. 23, 367 A.2d 14 (1977); *Levitsky v. Prince George's County,* 50 Md.App. 484, 439 A.2d 600 (1982); *Board of Education of South Sanpete School District v. Barton,* 617 P.2d 347 (Utah 1980). Petitioner maintains the majority view cases followed by the Court of Appeals do not address the situation of a condemnor putting into issue the validity of the landowner's appraisal theory even though it is corroborated by one of its own experts.

We agree with the holding in *City of Baltimore v. Zell,* that admitting the fact that the appraiser had been employed by

---

1. *Dicker v. United States,* 352 F.2d 455 (D.C.Cir.1965); *Arkansas State Highway Comm. v. First Pyramid Life Ins. Co. of America,* 265 Ark. 417, 579 S.W.2d 587 (1979); *Department of Transportation v. Swanson,* 191 Ga.App. 752, 382 S.E.2d 711 (1989); *State v. Kalivas,* 484 S.W.2d 292 (Mo.1972); *State v. Wilkinson–Snowden–McGehee,* 571 S.W.2d 842 (Tenn.Ct.App.1978); *State v. Biggers,* 360 S.W.2d 516 (Tex.1962).

the condemnor is a matter within the sound discretion of the trial court. The Court in *City of Baltimore* stated:

> ... We also have no disagreement with the general principle that a party ordinarily may not sustain the credibility of his own witness absent an attack upon credibility by the other side.... Nevertheless, we believe that the opinions in the above-cited cases, and the [condemnor's] position in the instant case, represent too rigid an application of the general principle.
>
> The rule that one cannot bolster the credibility of his own witness, absent an attack upon credibility by the other side, is not without exceptions.... Moreover, the rule is usually applied in completely different circumstances than presented in the instant case, such as an attempt to call an additional witness to testify concerning the good character for veracity of the witness or an attempt to offer a prior consistent statement of the witness solely for the purpose of supporting his veracity.... In those circumstances, as Wigmore, points out, valuable trial time is taken up by the introduction of unnecessary and often cumbersome evidence, as an unimpeached 'witness may be assumed to be of normal moral character for veracity ...' However, merely asking a witness a brief preliminary question concerning his employment in connection with the case is not subject to this same objection.
>
> It is a routine practice in trials for an attorney to ask his witness certain preliminary questions which may not be relevant to the issues being litigated, which may go beyond mere identification and which are designed to show that the witness will be somewhat credible or not biased in favor of the side calling him. For example, the educational background or professional status or employment position of a non-expert witness may be asked, or the witness's lack of prior contact with the side who has called him may be brought out. These questions give the jury some knowledge of the individual and a more complete perspective in considering his testimony.... [Citations omitted.]

We conclude that such questions, within reasonable limits, serve the useful purpose of informing the jury about the witness, and thus may be allowed.

■ A trial judge's decision granting or denying a new trial will not be disturbed unless his decision is wholly unsupported by the evidence or the conclusions of law have been controlled by an error of law. *Craven v. Cunningham*, 292 S.C. 441, 357 S.E.2d 23 (1987). Since we find the trial judge's ruling was not based on an error of law, the grant of a new trial was not improper. Accordingly, the opinion of the Court of Appeals is

REVERSED.

TOAL, MOORE and WALLER, JJ., and JAMES R. BARBER, Acting Associate Justice, concur.