**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

James Scott McAbee, Appellant.

Appellate Case No. 2014-001528

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2016-UP-250
Submitted January 1, 2016 – Filed June 8, 2016

**AFFIRMED**

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** James Scott McAbee appeals his conviction and sentence for carjacking, arguing the trial court erred by allowing the victim to testify (1) he used

to own a construction company in Michigan; (2) his business was affected by the housing crisis, which left Detroit bankrupt; (3) he relocated "for a better life" and a construction job in the Cliff's community; (4) South Carolina appealed to him because of the "basis of Christianity here" and "seemed like a peaceful place to live"; (5) he and his family are strong believers in Jesus Christ; (6) his construction work at the Cliffs 'feel [sic] apart' between 2008 and 2010; (7) he filed bankruptcy; (8) he has now moved to Wyoming to manage a drilling operation; and (9) he is making preparations to move his family from Spartanburg.  McAbee also argues the trial court erred by allowing an eyewitness to testify (1) her ten-year-old son was in the car with her, crying and begging her to leave; (2) her husband is deceased; (3) she relocated to South Carolina from Rhode Island five years prior; (4) her relocation was economically related and "for a better life"; and (5) she has no other children.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided . . . ."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *S.C. Dep't of Highways & Pub. Transp. v. E.S.I. Invs.*, 332 S.C. 490, 495, 505 S.E.2d 593, 596 (1998) ("It is a routine practice in trials for an attorney to ask his witness certain preliminary questions which may not be relevant to the issues being litigated, which may go beyond mere identification and which are designed to show that the witness will be somewhat credible or not biased in favor of the side calling him . . . . These questions give the jury some knowledge of the individual and a more complete perspective in considering his testimony." (quoting *City of Baltimore v. Zell*, 367 A.2d 14, 17 (Md. 1977))).[2]

---

[1] To the extent McAbee argues the probative value of the testimony is substantially outweighed by the danger of unfair prejudice under Rule 403, SCRE, we find that argument is unpreserved.  *See State v. Jarrell*, 350 S.C. 90, 102 n.5, 564 S.E.2d 362, 369 n.5 (Ct. App. 2002) (recognizing issues not raised and ruled upon in the trial court will not be considered on appeal).

[2] Even if the trial court had erred by admitting the testimony, we find any error would be harmless.  *See State v. Stokes*, 339 S.C. 154, 159, 528 S.E.2d 430, 432 (Ct. App. 2000) ("Even if the evidence is not relevant, its admission may constitute harmless error if the irrelevant evidence did not affect the outcome of the trial."); *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the [c]ourt should not set aside a conviction because of insubstantial errors not affecting the result.").

**AFFIRMED.**[3]

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.